MATTHEW P. DONAHUE (SBN 155080)
**DONAHUE LAW, A Professional Corporation**
1 NATOMA STREET
FOLSOM, CA 95630
Telephone:   (916) 351-1100
Facsimile:   (916) 836-8919
Service E-Mail: mdonahue@mdonahuelaw.com/cingland@mdonahuelaw.com

Attorney for Plaintiffs, JEREMY PUGLIESE, MICHELLE PUGLIESE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PUGLIESE, MICHELLE PUGLIESE, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** (Personal Injury - Motor Vehicle; Loss of Consortium) |
| vs. | |
| FRANQUI ANTOINETTE MORENO, UNITED STATE OF AMERICA, INTER-TRIBAL COUNCIL OF CALIFORNIA, INC., and DOES 1 through 25, inclusive, | **UNLIMITED CIVIL JURISDICTION** |
| Defendants. | |

Plaintiffs JEREMY PUGLIESE, MICHELLE PUGLIESE, complain against Defendants, and each of them, and alleges as follows:

I.

**JURISDICTION/DEMAND FOR TRIAL**

1.   Jurisdiction in this matter is based upon 28 USCS § 1346 and 28 USCS §2674.

2.   Pursuant to Fed. Rules of Civ. Proc., Rule 38, Plaintiffs demand jury trial with respect to each cause of action identified herein.

///

- 1 -
COMPLAINT FOR DAMAGES

## II.

## FIRST CAUSE OF ACTION

### (NEGLIGENCE)

**[Franqui Antoinette Moreno, United States of America, Inter-Tribal Council of California, Inc. [28 USCS § 2674)]**

    Plaintiffs hereby incorporate by reference paragraphs 1 through 2 of the First Cause of Action as though fully set forth herein, and allege against defendants, and each of them, as follows that:

    3.    The true names or capacities, whether individual, corporate, associate or otherwise of Defendants, DOES 1 through 25, inclusive, are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege that each of the Defendants, designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injuries and damages proximately thereby to Plaintiffs, as herein alleged.

    4.    Plaintiffs are further informed and believe and thereon allege that Defendant, FRANQUI ANTOINETTE MORENO, is and was at all times herein mentioned the agent, servant or employee of the UNITED STATES OF AMERICA and/or INTER-TRIBAL COUNCIL OF CALIFORNIA, INC., located at 3400 Douglas Blvd., Suite 230, Roseville, CA 95661, and was at all times herein mentioned acting within the course and scope of said agency,, for either the UNITED STATES OF AMERICA or the INTER-TRIBAL COUNCIL OF CALIFORNIA, INC., service and employment and acting with the consent and knowledge of each other Defendant.

    5.    Plaintiffs are further informed and allege that the INTER-TRIBAL COUNCIL OF CALIFORNIA, INC., is a nonprofit organization, doing business City of Roseville, County of Placer, in State of California, located at 3400 Douglas Blvd., Suite 230, Roseville, CA 95662, which employed Defendant FRANQUI ANTOINETTE MORENO, who was at all times herein

mentioned acting within the course and scope of said agency, service and employment and acting within the consent and knowledge of each Defendant.

6. The true names or capacities, whether individual, corporate, associate or otherwise of Defendants, DOES 1 through 25, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon allege that each of the Defendants, designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injuries and damages proximately thereby to Plaintiff, as herein alleged.

7. Plaintiff is informed and believe and thereon alleges that Defendant FRANQUI ANTOINETTE MORENO resides in the City Roseville, County of Placer, in the State of California.

8. Plaintiffs are now and at all times herein mentioned were citizens and residents of the city of Roseville, county of Placer, in the State of California and the amount in controversy exceeds the minimum jurisdictional limits of this court.

9. At all times herein mentioned, defendants, and each of them, were the owners and/or operators of a Ford F-150, California license plate number 72278F3 that was involved in a motor vehicle accident on October 17, 2022, with Plaintiff, JEREMY PUGLIESE.

10. At all times herein mentioned, defendants, and each of them, were operating their vehicle with the consent, permission and knowledge of each of the remaining defendants.

11. On or about October 17, 2022, Plaintiff JEREMY PUGLIESE, was the operator of a 2014 Nissan Touring, California VIN JN1AZ4EH2EM631626, in the city of Roseville, county of Placer, in the State of California, when Defendant FRANQUI ANTOINETTE MORENO, collided into Plaintiff's vehicle.

12. On or about October 17, 2022, defendants and each of them, so negligently and carelessly entrusted, managed, maintained, controlled, owned and operated their aforesaid motor vehicle so as to proximately cause said vehicle to collide with Plaintiff's vehicle and so proximately caused the hereinafter described damages and injuries to Plaintiff.

13. Defendants UNITED STATES OF AMERICA, INTER-TRIBAL COUNCIL OF CALIFORNIA, INC., and DOES 1 through 25, and each of them, were also negligent in the hiring, training, instructing, supervision and/or management of their employees, agents, servants and/or personnel, and Defendants FRANQUI ANTOINETTE MORENO and DOES 1 through 25. As a result of such negligence, Defendants UNITED STATES OF AMERICA, INTER-TRIBAL COUNCIL OF CALIFORNIA, INC., and DOES 1 through 25, and each of them, initiated the subject accident by their careless and inattentive manner, actions and unsafe conduct, so as to thereby proximately cause the hereinafter described injuries and damages to Plaintiff.

14. Plaintiffs properly and timely submitted federal tort claims pursuant to the applicable provisions of the United States Code, which claims were rejected by operation of law on September 3, 2024.

15. The UNITED STATES OF AMERICA denied the tort claim of Plaintiffs, on the alleged basis that Defendant driver, FRANQUI ANTOINETTE MORENO was not an employee and/or agent acting the course and scope of employment or agency for the UNITED STATES OF AMERICA, at the time of this collision. The UNITED STATES OF AMERICA denied the claim of Plaintiffs' further stating there was no contract or agreement or other basis to create an agency relationship with the UNITED STATES OF AMERICA.

16. INTER-TRIABL COUNCIL OF CALIFORNIA, INC., contends and asserts that Defendant driver, FRANQUI ANTOINETTE MORENO was acting within the course and scope of her duties for the UNITED STATES OF AMERICA at the time of the collision. INTER-TRIBAL COUNCIL OF CALIFORNIA, INC. contends and asserts the existence of a Federal FUNDING agreement/contract between the UNITED STATES OF AMERICA and INTER-TRIBAL COUNCIL OF CALIFORNIA, INC., which makes the driver FRANQUI ANTOINETTE MORENO an agent/employee of the UNITED STATES OF AMERICA.

17. A dispute exists between Defendants INTER-TRIBAL COUNCIL OF CALIFORNIA, INC. and the UNITED STATES OF AMERICA, as to the course and scope of

said agency of the at fault driver, FRANQUI ANTOINETTE MORENO. Defendant Driver FRANQUI ANTOINETTE MORENO is either an employee or agent for INTER-TRIBAL COUNCIL OF CALIFORNIA, INC. or the UNITED STATES OF AMERICA, and/or both. Thus, allegations against the UNITED STATES OF AMERICA and INTER-TRIBAL COUNCIL OF CALIFORNIA, INC. are made until the matter of agency is resolved.

18.     As a direct and proximate result of the aforesaid conduct of the Defendants, and each of them, Plaintiff JEREMY PUGLIESE was hurt and injured in his health, strength and activity, sustaining injuries to his body and shock and injuries to his nervous systems and person, all of which have caused and continue to cause Plaintiff great mental and physical pain, suffering and nervousness. Plaintiff is informed and believes and thereon allege that he injuries will result in some permanent disability to Plaintiff, all to his general damages in an amount in excess of the jurisdictional limits of this Court, which will be shown according to proof at the time of trial.

19.     As a further proximate result of the acts of the Defendants, and each of them, Plaintiff JEREMY PUGLIESE was required to employ and continue to employ physicians and surgeons to examine, treat and care for Plaintiff, and did and continue to incur medical and incidental expenses which will be shown according to proof at the time of trial.

20.     As a further proximate result of the said acts of the Defendants, and each of them, Plaintiff JEREMY PUGLIESE was prevented from attending to his usual occupation for a period of time, sustaining a loss of earnings in an amount unknown to her at this time, but which will be shown according to proof at the time of trial. Plaintiff is informed and believes and thereon alleges that he will be prevented from attending to his usual occupation for a period of time in the future and will sustain a further loss of earnings, all in an amount unknown to Plaintiff at this time, but which will be shown according to proof at the time of trial.

21.     That as a further, direct and proximate result of the aforesaid conduct of the defendants, and each of them, plaintiff sustained property damage to his motor vehicle in an amount presently unascertained and plaintiff prays leave that when the exact sum is ascertained,

he may be permitted to insert the same herein with the appropriate allegations. Plaintiff further sustained the loss of use of his motor vehicle and will continue to lose the use of his motor vehicle for an indefinite period of time in the future, all to his further special damage in an amount presently unascertained, and plaintiff prays leave that when the exact sum is ascertained, he may be permitted to insert the same herein with appropriate allegations.

22. As a direct result of the negligence of the Defendants, Plaintiff JEREMY PUGLIESE, suffered personal / bodily injuries, resulting in economic and non-economic damages. Economic damages include, but are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and future income and/or earning capacity loss, (3) loss of ability to provide household services, and (4) incidental and consequential damages and/or property damage and loss of use. Non-economic damages include, but are not limited to (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional distress.

23. Prejudgment interest on the damages alleged herein should be awarded should judgment for Plaintiff be rendered; that said sum should be calculated from the time the cause of action arose or as provided in the California Civil Code.

### III.

### THIRD CAUSE OF ACTION

### (Loss of Consortium)

Plaintiffs hereby incorporate by reference paragraphs 1 through 23 of the First and Second Causes of Action as though fully set forth herein, and allege against defendants, and each of them, as follows that:

24. Plaintiffs, JEREMY PUGLIESE AND MICHELLE PUGLIESE, were at all times herein mentioned husband and wife.

25. As a further proximate result of said negligence of defendants, plaintiff, MICHELLE PUGLIESE, lost and was deprived of the service, love, companionship, comfort,

affection, society, sexual relations and solace of plaintiff, JEREMY PUGLIESE, as a husband. Plaintiff, MICHELLE PUGLIESE, is informed and believes, and therefore alleges, that because of the permanent nature of the injuries sustained by plaintiff, JEREMY PUGLIESE, as hereinabove alleged, plaintiff, MICHELLE PUGLIESE, will in the future continue to lose all or a portion of the aforesaid items, all to his damage in an amount in excess of the jurisdictional limits of this Court, which will be shown according to proof at the time of trial.

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter follows:

1. For general damages in excess of the jurisdictional limits of this court according to proof;

2. For loss of earnings, loss of earning capacity, medical expenses, all incidental expenses and special damages according to proof;

3. For property damage and loss of use of property according to proof;

4. For loss of consortium according to proof;

5. For prejudgment interest on the award for damages rendered in favor of plaintiffs, calculated from the time the cause of action arose, or as provided in the California Civil Code;

6. For costs of suit; and

7. For such other and further relief as the court deems proper.

DATED: October 10, 2024

DONAHUE LAW

By _____
Matthew P. Donahue
Attorney for Plaintiffs